1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CHARLES A. MICHALEK, ESQ.
Nevada Bar No. 5721
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone (702) 383-3400
Fax (702) 384-1460
Email: cmichalek@rmcmlaw.com

-and-

BRIAN T. MAYE, ESQ.
(Pro Hac Vice Application to be filed)
Fitzpatrick, Hunt & Pagano, LLP
10 South LaSalle Street, Suite 3400
Chicago, Illinois 60603
Phone (312) 728-4000
Fax (312) 728-4950
Email: brian.maye@fitzhunt.com

*Attorneys for Defendant FRONTIER AIRLINES, INC.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| EDDIE FRIERSON, an individual; ALBERTO CARDOSO-RAMIREZ, an individual; and ANA FIGUEROA-CUEVA, an individual; <br><br> Plaintiffs, <br><br> v. <br><br> FRONTIER AIRLINES, INC., a Colorado Corporation; Doe Individuals 1-XX, inclusive; and ROE Entities 1-XX; <br><br> Defendants. | Case No.: <br><br> **NOTICE OF REMOVAL** |

## DEFENDANT FRONTIER AIRLINES, INC.'S NOTICE OF REMOVAL

Defendant, FRONTIER AIRLINES, INC. ("Frontier"), pursuant to 28 U.S.C. §§1332, 1441, and

1446, hereby removes the above-captioned civil action in its entirety from the Eighth Judicial District Court,

- 1 -

Clark County, Nevada, to the United States District Court for the District of Nevada based on diversity jurisdiction. In support of its Notice of Removal, Frontier states as follows:

1.    This is an action arising out of the landing of Frontier Flight 1326 at the Harry Reid International Airport, Las Vegas, Nevada, on October 5, 2024, allegedly causing injuries to Plaintiffs.

2.    On October 21, 2024, Plaintiffs filed their Complaint against Frontier in the Eighth Judicial District Court, Clark County, Nevada, asserting a claim of negligence and seeking declaratory relief with respect to the legal doctrine of *res ipsa loquitor*. A copy of Plaintiffs' Complaint is attached as **Exhibit A**.

3.    Frontier was served with a copy of the Complaint on October 31, 2024. A copy of the Affidavit of Service is attached as **Exhibit B**. Thus, this Notice of Removal is timely under 28 U.S.C. §1446(b), within "30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting for the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1).

4.    28 U.S.C § 1332 grants original jurisdiction to the district court "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between citizens of different States. 28 U.S.C. § 1332(a). For the purpose of this section, a corporation shall be deemed to be a citizen of every state by which it has been incorporated, and of the state where it has its principal place of business. 28 U.S.C. § 1332(c). Federal courts have held a corporation's "principal place of business," refers to the place where high level officers direct, control, and coordinate the corporation's activities, metaphorically called the "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). Typically, this "nerve center," is determined to be the corporation's headquarters. *Id* at 81.

/ / /

/ / /

5.      Plaintiffs are domiciled in California and Nevada. See Complaint at ¶¶ 1-3. Frontier was and is a corporation incorporated under the laws of the State of Colorado, and its principal place of business is the State of Colorado. *Id.* at ¶ 4. Therefore, complete diversity exists between the parties.

6.      If removal is sought on the basis of diversity jurisdiction, the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy. 28 U.S.C. § 1446(c)(2). When the amount in controversy is not clear from the face of the complaint, the defendant must show by a preponderance of the evidence that the jurisdictional threshold has been met. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). The ultimate inquiry is what amount is put "in controversy by the plaintiff's complaint, not what a defendant will *actually* owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008).

7.      In Plaintiffs' Complaint, they allege that the subject aircraft "violently crash landed on the …runway." See Complaint at ¶ 10. According to Plaintiffs, "the crash was so strong that it caused the aircraft's tires to explode and its landing gear to collapse resulting in the aircraft catching fire." *Id.* at ¶ 11. They further allege that "traumatized  and injured passengers were stranded inside the sweltering smoke-filled aircraft for nearly an hour before being evacuated." *Id.* at ¶ 12. Plaintiffs claim that they suffered injuries to their bodies. *Id.* at ¶ 18. They also allege that the incident traumatized them, causing emotional distress, pain and suffering, loss of enjoyment of life, loss of household services, lost wages, lost earning capacity, past medical expenses, and future medical expenses. *Id.* at ¶ 19. Plaintiffs allege that their damages include general and special damages both in excess of $15,000. *Id.* at p. 5. Given the description of the incident by Plaintiffs, the circumstances they claim they faced, the various damages sought, and the allegation that they each sustained general and special damages in excess of $30,000, the amount in controversy threshold has been satisfied to establish diversity jurisdiction.

/ / /

8.      Federal courts additionally maintain supplemental jurisdiction over state law claims when they are so related to the claims within original jurisdiction that they form part of the same case or controversy. 28 U.S.C. § 1367(a). This standard has been interpreted by courts to confer supplemental jurisdiction over all state claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Artis v. District of Columbia*, 583 U.S. 71, 74 (2018). The 9th Circuit has acknowledged that supplemental jurisdiction must be exercised unless an exception exists under § 1367(b), § 1367(c) or another Federal statute. *Arroyo v. Rosas*, 19 F.4th 1202, 1210 (9th Cir. 2021). Factors such as judicial economy, fairness to parties, and whether all the claims would be expected to be tried together may be considered by the court. *Id*. at 1210-11.

9.      Plaintiffs' state law claim for declaratory relief under Nevada Revised Statute 30, et seq. arises out of the same operative facts as their negligence claim that satisfies original jurisdiction. *See* Ex. A. Thus, the exercise of supplemental jurisdiction with respect to Plaintiffs' declaratory relief claim is warranted.

10.      The United States District Court for the District of Nevada is the federal court embracing the Eighth Judicial District Court, Clark County, Nevada, which is the place where the original action was filed. Thus, Frontier properly seeks to remove this action to this Court. *See* 28 U.S.C. § 1441(a).

11.      Pursuant to 28 U.S.C. § 1446(a), Frontier has attached copies of all process and pleadings served upon it in the State Court record. *See* **Exhibit C**.

12.      Pursuant to 28 U.S.C. § 1446(d), Frontier will promptly serve a copy of this Notice of Removal on Plaintiffs and will promptly file a Notice of Filing of this Notice of Removal with the Clerk of the Eighth Judicial District, Clark County, Nevada.

/ / /

/ / /

WHEREFORE, Defendant FRONTIER AIRLINES, INC., hereby removes this action from the Eighth Judicial District Court, Clark County, Nevada, to the United States District Court for the District of Nevada.

Dated: November 21, 2024.

ROGERS, MASTRANGELO, CARVALHO & MITCHELL

By: /s/ *CHARLES A. MICHALEK*

CHARLES A. MICHALEK, ESQ.
Nevada Bar No. 5721
700 South Third Street
Las Vegas, Nevada 89101
Phone (702) 383-3400
Email: cmichalek@rmcmlaw.com

-and-

BRIAN T. MAYE, ESQ.
(Pro Hac Vice Application to be filed)
Fitzpatrick, Hunt & Pagano, LLP
10 South LaSalle Street, Suite 3400
Chicago, Illinois 60603
Phone (312) 728-4000
Email: brian.maye@fitzhunt.com

*Attorneys for Defendant FRONTIER AIRLINES, INC.*

## CERTIFICATE OF SERVICE

I certify that on November 21, 2024, I caused the foregoing **NOTICE OF REMOVAL** to be served via the CM/ECF filing system to all parties on the service list as follows:

STEVE DIMOPOULOS, ESQ.
NV Bar No. 12729
DIMOPOULOS LAW FIRM
 6671 S. Las Vegas Blvd., Suite 275
Las Vegas, NV 89119
sc@stevedimopoulos.com


/s/ *Mandi Zambai*
An employee of
ROGERS, MASTRANGELO, CARVALHO &
MITCHELL