Electronically Filed
10/21/2024 4:32 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
STEVE DIMOPOULOS, ESQ.
Nevada Bar No. 12729
JARED B. KAHN, ESQ.
Nevada Bar No. 12603
SCOTT R. COOK, ESQ.
Nevada Bar No. 5265
DIMOPOULOS LAW FIRM
6671 S. Las Vegas Blvd., Suite 275
Las Vegas, NV 89119
O: (702) 800-6000
F: (702) 224-2114
sc@stevedimopoulos.com
*Attorneys for Plaintiffs*

CASE NO: A-24-904360-C
Department 8

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| EDDIE FRIERSON, an individual; ALBERTO CARDOSO-RAMIREZ, an individual; and ANA FIGUEROA-CUEVA, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>FRONTIER AIRLINES, Inc., a Colorado Corporation; Doe Individuals 1-XX, inclusive; and ROE Entities 1-XX,<br><br>Defendants. | CASE NO.:<br>DEPT NO.:<br><br>**COMPLAINT**<br><br>**ARBITRATION EXEMPTION CLAIMED DECLARATORY RELIEF REQUESTED NRS 30 ET SEQ** |

Plaintiffs Eddie Frierson, Alberto Cardoso-Ramirez and Ana Figueroa-Cueva (collectively "Plaintiffs") by and through their counsel, STEVE DIMOPOLOUS, ESQ., JARED B. KAHN, ESQ., and SCOTT R. COOK of DIMOPOULOS LAW FIRM, and for their Complaint against the Defendant, and each of them alleges as follows:

## JURISDICTION

1. At all times relevant herein, Plaintiff Eddie Frierson is and was a resident of San Diego County, State of California.

///

2. At all times relevant herein, Plaintiff Alberto Cardos-Ramirez is and was a resident of Clark County, State of Nevada.

3. At all times relevant herein, Plaintiff Ana Figueroa-Cueva is and was a resident of Clark County, State of Nevada.

4. Upon information and belief, at all times relevant herein Defendant Frontier Airlines, Inc. (DEFENDANT) is and was a Colorado corporation domiciled at 4545 Airport Way, Denver, Colorado 80237 and registered and doing business as a foreign corporation in the State of Nevada.

5. The true names and capacities of Defendants named herein as DOES I through XX, and ROE BUSINESS ENTITIES I through XX, whether individual, corporate, associate, or otherwise, are presently unknown to Plaintiff, who, therefore, sues said defendants so designated herein is responsible in some manner for the events and occurrences referred to herein alleged, and Plaintiff will request leave of Court to amend this Complaint to insert the true names and capacities of DOES I through XX, and ROE BUSINESS ENTITIES I through XX, when the same have been ascertained and to join such defendants in this action.

6. All events complained of herein occurred within Clark County, Nevada at Harry Reid International Airport.

## GENERAL ALLEGATIONS

7. Plaintiffs repeat and reallege each and every fact and allegation contained in this Complaint and incorporates the same herein by reference as though fully set forth herein.

8. On or about October 5, 2024, Plaintiffs were paid ticketed commercial passengers on airline Flight 1326, an AIRBUS 321 NEO, operated by Defendant Frontier Airlines.

9. Flight 1326 was flying from San Diego, California to Las Vegas, Nevada.

10. Without warning to the passengers the aircraft violently crash landed on the Harry Reid International Airport runway.

11. The force of the crash was so strong that it caused the aircraft's tires to explode and it's landing gear to collapse resulting in the aircraft catching fire.

12. The traumatized and injured passengers were stranded inside the sweltering smoke-filled aircraft for nearly an hour before being evacuated.

13. The October 5, 2024 crash landing was caused by Defendant's failure to properly repair, inspect, maintain, and operate the aircraft in a reasonable and safe manner.

14. Defendant is a common carrier under Nevada law, and thus it owed a heightened standard of care that required it to exercise extraordinary, as opposed to ordinary care to its passengers, including Plaintiffs. *See, First Transit Inc., v. Chernikoff, 445 P.3d 1253 (Nev. 2019)*.

## FIRST CLAIM FOR RELIEF
### (NEGLIGENCE)

15. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 14, as though fully set forth herein.

16. Defendant, a common carrier, owed a heightened duty to inspect, repair, maintain, and operate the aircraft in a reasonable and safe manner. *See, First Transit Inc., v. Chernikoff, 445 P.3d 1253 (Nev. 2019); Sherman v. S. Pac. Co., 33 Nev. 385, 405 (Nev. 1910)*; NV J.I. 4NG.42 (2011).

17. Defendant breached this duty by failing to properly inspect, maintain, repair, and operate the aircraft in a reasonable manner.

18. As a direct and proximate result of Defendant's negligence, Plaintiffs sustained injuries to their bodies, as well as emotional trauma and distress.

19. As a direct and proximate result of Defendant's negligence, Plaintiffs have incurred and continue to incur emotional distress, pain and suffering, loss of enjoyment of life, loss of household services, lost wages, lost earning capacity, medical expenses, and future medical expenses, all to Plaintiffs' general and special damages in an amount in excess of fifteen thousand dollars ($15,000.00).

20. Plaintiffs have been required to retain the services of an attorney and have incurred costs of suit herein.

///
///
///
///

## SECOND CLAIM FOR RELIEF

**DECLARATORY RELIEF UNDER NRS 30, et seq., SEEKING DECLARATION OF APPLICATION OF THE DOCTRINE OF RES IPSA LOQUITOR**

21. Plaintiffs incorporates by reference each and every allegation contained in paragraphs 1 through 20 as though more fully set forth herein and further alleges as follows.

22. This is an action for declaratory relief pursuant to Section 30, et seq., of the Nevada Revised Statutes.

23. Plaintiffs seek declaratory relief in the form of a declaration that the doctrine of res ipsa loquitor applies to the subject incident.

24. Defendant had heightened duty to inspect, repair and maintain the aircraft in an airworthy and reasonably safe condition.

25. The plane and the operation of the same were solely within the Defendant's control, which was a common carrier with the highest duty to its passengers.

26. The plane crash is of a kind that ordinarily does not occur in the absence of someone's negligence.

27. The plane crash was caused within the exclusive control of the Defendant.

28. The plane crash was not due to any voluntary action or contribution on the part of the Plaintiffs.

29. Defendant has superior knowledge of or are in a better position to explain the accident for res ipsa loquitur to apply.

30. As a direct and proximate result of Defendant's negligence, Plaintiffs sustained injuries to their bodies, as well as emotional trauma and distress.

31. A justifiable controversy exists between Plaintiffs and Defendant with respect to the application of the doctrine of res ipsa loquitor to the subject accident.

32. These justifiable controversies concern Plaintiffs and Defendant's respective rights regarding duty and breach for purposes of applying res ipsa loquitor to the cause of action for negligence and therefore are ripe for judicial determination.

///

33. Plaintiffs asks that this Honorable Court to enter declaratory relief in their favor and against Defendants, in accordance with NRS 30 *et seq.*, that the application of res ipsa loquitor applies to the subject incident and to the Defendant's breach of their duty to Plaintiffs.

34. In accordance with NRS 30.120, and NRS 18 *et seq.*, Plaintiffs are entitled to recover their attorney's fees and costs incurred.

### PRAYER FOR JUDGMENT

WHEREFORE, Plaintiff expressly reserves the right to amend this Complaint at the time of trial of the actions herein to include all items of damages not yet ascertained, and demands Judgment against Defendants as follows:

1. General damages in excess of $15,000.00.
2. Special damages in excess of $15,000.00.
3. For declaratory relief as set forth above.
4. Lost wages in an amount yet to be determined.
5. Interest and costs incurred by the Plaintiff in bringing these claims.
6. Costs of suit incurred including reasonable attorneys' fees.
7. For such other relief as the Court deems just and proper.

Dated this 21st day of October 2024.



DIMOPOULOS INJURY LAW

STEVE DIMOPOULOS, ESQ., NV Bar No. 12729
JARED B. KAHN, ESQ., NV Bar No. 12603
SCOTT R. COOK, ESQ., NV Bar No. 5265
DIMOPOULOS LAW FIRM
6671 S. Las Vegas Blvd., Suite 275
Las Vegas, NV 89119
*Attorneys for Plaintiffs*