CHARLES A. MICHALEK, ESQ.
Nevada Bar No. 5721
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone (702) 383-3400
Fax (702) 384-1460
Email: cmichalek@rmcmlaw.com

-and-

BRIAN T. MAYE, ESQ.
(*Pro Hac Vice* Application Pending)
FITZPATRICK, HUNT & PAGANO, LLP
10 South LaSalle Street, Suite 3400
Chicago, Illinois 60603
Phone (312) 728-4000
Fax (312) 728-4950
Email: brian.maye@fitzhunt.com

*Attorneys for Defendant Frontier Airlines, Inc.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| EDDIE FRIERSON, an individual; ALBERTO CARDOSO-RAMIREZ, an individual; ANA FIGUEROA-CUEVA, an individual; DEANNA DANIELS, an individual; JANELLE JOHNSON, an individual; JOSEPH JOHNSON, an individual; JAYDEN EGGLESTON, an individual; MELISA GUTIERREZ-TOLOSA, an individual; MICHAEL MARTINEZ, an individual; STACY MARTINEZ, an individual; SADIE JOSEIF, an individual; KEVIN JOSEIF, an individual; TRAVIS SCARBROUGH, an individual; MARIELA ESTRADA, an individual; KWANTIDA PAYAKKA, an individual; JOEL MARTINEZ GUERRA, an individual; ROCIO MEDINA SOLARTE, an individual; TONI O'NEILL, an individual; and, ARTURO CASTANARES, an individual; <br><br> Plaintiffs, <br><br> v. <br><br> FRONTIER AIRLINES, INC., a Colorado Corporation; Doe Individuals 1-XX, inclusive; and ROE Entities 1-XX; <br><br> Defendants. | Case No.: 2:24-cv-02181 <br><br> **DEFENDANT'S STATEMENT REGARDING REMOVAL** |

**DEFENDANT FRONTIER AIRLINES, INC.'S STATEMENT REGARDING REMOVAL**

Pursuant to the Court's Order dated November 22, 2024 (ECF No. 4), Defendant FRONTIER AIRLINES, INC. ("Frontier"), through its undersigned attorneys, hereby provide the following Statement Regarding Removal:

**1.   The date(s) on which you were served with a copy of the complaint in the removed action.**

The Complaint was served on Frontier on October 31, 2024.

**2.   The date(s) on which you were served with a copy of the summons.**

The Summons was served on Frontier on October 31, 2024.

**3.   In removals based on diversity jurisdiction, the names of any served defendants who are citizens of Nevada, the citizenship of the other parties and a summary of defendant's evidence of the amount in controversy.**

This is a removal based on diversity jurisdiction pursuant to 28 U.S.C. §§1332, 1441 and 1446. According to their First Amended Complaint ("FAC"), Plaintiffs are citizens of the states of Nevada and California, and of the country of Mexico. (See FAC at ¶¶ 1-20, ECF No. 6.) Frontier is domiciled in Colorado and incorporated under the laws of Colorado, and Plaintiffs agree that Frontier is a foreign corporation doing business in the State of Nevada. (FAC ¶ 20.)

In their Complaint, Plaintiffs assert that they suffered injuries as a result of the subject flight, stating it "crash landed," causing the tires to explode and its landing gear to collapse, resulting in the aircraft catching fire, with "smoke fil[l]ing the cabin and observable flames pouring from under the plane," and "fire on the aircraft." *Id*. at ¶ 42. Further, they allege that traumatized and injured passengers were "stranded inside the sweltering smoke-filled aircraft for nearly an hour before being evacuated . . ." *Id*. at ¶ 44. They claim the alleged incident caused physical injuries, shock and emotional distress, pain and suffering, loss of enjoyment of life, loss of

household services, lost wages, loss of earning capacity, and past and future medical expenses. *Id*. at ¶ 51.

Taking these facts to be true, and assuming a jury would find in favor of Plaintiffs for calculation purposes, the amount in controversy exceeds $75,000.00, considering the nature of the alleged incident and the myriad of claims asserted by Plaintiffs, including physical injuries, past and future medical expenses, lost earnings, lost earning capacity, and emotional distress. The Defendant need not prove the damages at this phase, merely that it is more likely than not at least one of the 19 named Plaintiffs in this alleged plane crash could have damages exceeding $75,000.00. See *Campbell v. Vitran Express, Inc*., 471 Fed. Appx. 646, 648 (9th Cir. 2012).

**4.     If your notice of removal was filed more than thirty (30) days after you first received a copy of the summons and complaint, the reason removal has taken place at this time and the date you first received a paper identifying the basis for removal.**

Not applicable.

**5.     In actions removed on the basis of the court's jurisdiction in which the action in state court was commenced more than one year before the date of removal, the reasons this action should not summarily be remanded to the state court.**

Not applicable.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

3

**6.** **The name(s) of any defendant(s) known to have been served before you filed the notice of removal who did not formally join in the notice of removal and the reasons they did not.**

None.

Dated: December 6, 2024

ROGERS, MASTRANGELO, CARVALHO & MITCHELL

By: /s/ *CHARLES A. MICHALEK*
CHARLES A. MICHALEK, ESQ.
Nevada Bar No. 5721
700 South Third Street
Las Vegas, Nevada 89101
Phone (702) 383-3400
Email: cmichalek@rmcmlaw.com

-and-

BRIAN T. MAYE, ESQ.
(*Pro Hac Vice* Application Pending)
FITZPATRICK, HUNT & PAGANO, LLP
10 South LaSalle Street, Suite 3400
Chicago, Illinois 60603
Phone (312) 728-4000
Email: brian.maye@fitzhunt.com

*Attorneys for Defendant FRONTIER AIRLINES, INC.*

## CERTIFICATE OF SERVICE

I certify that on December 6, 2024, I caused the foregoing to be served via the CM/ECF filing system to all parties on the service list, including the following:

STEVE DIMOPOULOS, ESQ.
NV Bar No. 12729
DIMOPOULOS LAW FIRM
6671 S. Las Vegas Blvd., Suite 275
Las Vegas, NV 89119
sc@stevedimopoulos.com

                                      */s/ Mandi Zambai*
                                      An employee of Rogers, Mastrangelo, Carvalho & Mitchell