CHARLES A. MICHALEK, ESQ.
Nevada Bar No. 5721
Rogers, Mastrangelo, Carvalho & Mitchell
700 South Third Street
Las Vegas, Nevada 89101
Phone (702) 383-3400
Fax (702) 384-1460
Email: cmichalek@rmcmlaw.com

-and-

BRIAN T. MAYE, ESQ.
Admitted Pro Hac Vice
Fitzpatrick, Hunt & Pagano, LLP
10 South LaSalle Street, Suite 3400
Chicago, Illinois 60603
Phone (312) 728-4000
Fax (312) 728-4950
Email: brian.maye@fitzhunt.com

*Attorneys for Defendant Frontier Airlines, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| EDDIE FRIERSON, an individual; ALBERTO CARDOSO-RAMIREZ, an individual; ANA FIGUEROA-CUEVA, an individual; DEANNA DANIELS, an individual; JANELLE JOHNSON, an individual; JOSEPH JOHNSON, an individual; JAYDEN EGGLESTON, an individual; MELISA GUTIERREZ-TOLOSA, an individual; MICHAEL MARTINEZ, an individual; STACY MARTINEZ, an individual; SADIE JOSEIF, an individual; KEVIN JOSEIF, an individual; TRAVIS SCARBROUGH, an individual; MARIELA ESTRADA, an individual; KWANTIDA PAYAKKA, an individual; JOEL MARTINEZ GUERRA, an individual; ROCIO MEDINA SOLARTE, an individual; TONI O'NEILL, an individual; ARTURO CASTANARES, an individual; CRYSTAL HARPER, an individual; DREW DAVIDSON, an individual; PROMIT SINHA, an individual; BRAIDEN WALKER, an individual; JESSICA NICOLE MEDLIN, an individual; JAMIE MICHELE MEDLIN, an individual; JONATHAN STEVEN PUTRIS, an individual; PAGE CAPPER, an individual; ALONDRA SOTO, an individual; and LUCAS SHOOK, an individual; | Case No.: 2:24-cv-02181-RFB-MDC<br><br>**DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL** |

|   |   |
|---|---|
| | Plaintiffs, |
| v. | |
| FRONTIER AIRLINES, INC., a Colorado Corporation; Doe Individuals 1-XX, inclusive; and ROE Entities 1-XX; | |
| | Defendants. |

**DEFENDANT FRONTIER AIRLINES, INC.'S**
**ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendant, FRONTIER AIRLINES, INC. ("Frontier"), by its undersigned counsel, answers Plaintiffs' Second Amended Complaint as follows:

**JURISDICTION**

1. Frontier is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations in Paragraph 1.

2. Frontier is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations in Paragraph 2.

3. Frontier is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations in Paragraph 3.

4. Frontier is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations in Paragraph 4.

5. Frontier is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations in Paragraph 5.

6. Frontier is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations in Paragraph 6.

7. Frontier is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations in Paragraph 7.

8. Frontier is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations in Paragraph 8.

9. Frontier is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations in Paragraph 9.

10. Frontier is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations in Paragraph 10.

11. Frontier is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations in Paragraph 11.

12. Frontier is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations in Paragraph 12.

13. Frontier is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations in Paragraph 13.

14. Frontier is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations in Paragraph 14.

15. Frontier is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations in Paragraph 15.

16. Frontier is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations in Paragraph 16.

17. Frontier is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations in Paragraph 17.

18. Frontier is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations in Paragraph 18.

19. Frontier is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations in Paragraph 19.

20. Frontier is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations in Paragraph 20.

21. Frontier is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations in Paragraph 21.

22. Frontier is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations in Paragraph 22.

23. Frontier is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations in Paragraph 23.

24. Frontier is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations in Paragraph 24.

25. Frontier is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations in Paragraph 25.

26. Frontier is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations in Paragraph 26.

27. Frontier is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations in Paragraph 27.

28. Frontier is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations in Paragraph 28.

29. Frontier is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations in Paragraph 29.

30. Frontier admits that it is a Colorado corporation, domiciled in Colorado, and registered and doing business as a foreign corporation in the State of Nevada.

31. The allegations in Paragraph 31 are not directed at Frontier, and, therefore, no response is necessary. To the extent a response is necessary, Frontier lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 31.

32. Frontier is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations in Paragraph 32.

4

## **GENERAL ALLEGATIONS**

33. Frontier repeats and incorporates by reference its answers to each and every allegation contained in Plaintiffs' Second Complaint as if set forth fully herein.

34. Frontier admits to the allegations in Paragraph 34.

35. Frontier admits to the allegations in Paragraph 35.

36. Frontier admits to the allegations in Paragraph 36.

37. Frontier denies the allegations in Paragraph 37.

38. Frontier is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations in Paragraph 38.

39. Frontier is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations in Paragraph 39.

40. Frontier is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations in Paragraph 40.

41. Frontier is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations in Paragraph 41.

42. Frontier is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations in Paragraph 42.

43. Frontier is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations in Paragraph 43.

44. Frontier is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations in Paragraph 44.

45. Frontier is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations in Paragraph 45.

46. Frontier denies the allegations in Paragraph 46.

47. Frontier denies the allegations in Paragraph 47.

48. Frontier is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations in Paragraph 48.

49. Frontier is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations in Paragraph 49.

50. Frontier denies the allegations in Paragraph 50.

51. Frontier denies the allegations in Paragraph 51.

52. Frontier denies the allegations in Paragraph 52.

53. Frontier denies the allegations in Paragraph 53.

54. Frontier denies the allegations in Paragraph 54.

55. Frontier denies the allegations in Paragraph 55.

56. Frontier denies the allegations in Paragraph 56.

57. The allegations in Paragraph 57 consist of legal conclusions, and, therefore, Frontier has no obligation to respond. To the extent a response is necessary, Frontier admits only those duties imposed upon it by applicable law and denies all other allegations in Paragraph 57.

## FIRST CLAIM FOR RELIEF

### (NEGLIGENCE)

58. Frontier incorporates by reference its answers to Paragraphs 1 – 7 of Plaintiffs' Complaint as if set forth fully herein.

59. The allegations in Paragraph 59 consist of legal conclusions, and, therefore, Frontier has no obligation to respond. To the extent a response is necessary, Frontier admits only those duties imposed upon it by applicable law and denies all other allegations in Paragraph 59.

60. Frontier denies the allegations in Paragraph 60.

61. Frontier denies the allegations in Paragraph 61.

62. Frontier is without sufficient knowledge or information necessary to form a belief as to the truth of the allegations in Paragraph 62.

## SECOND CAUSE OF ACTION

**(DECLARATORY RELIEF UNDER NRS 30, et seq.,
SEEKING DECLARATION OF APPLICATION OF
THE DOCTRINE OF RES IPSA LOQUITUR)**

63. Frontier incorporates by reference its answers to Paragraphs 1 – 20 of Plaintiffs' Complaint as if set forth fully herein.

64. The allegations in Paragraph 64 consist of legal conclusions, and, therefore, Frontier has no obligation to respond. To the extent a response is necessary, Frontier denies that Plaintiffs are entitled to declaratory relief or that *res ipsa loquitur* applies in this case.

65. The allegations in Paragraph 65 consist of legal conclusions, and, therefore, Frontier has no obligation to respond. To the extent a response is necessary, Frontier denies that Plaintiffs are entitled to declaratory relief or that *res ipsa loquitur* applies in this case.

66. The allegations in Paragraph 66 consist of legal conclusions, and, therefore, Frontier has no obligation to respond. To the extent a response is necessary, Frontier admits only those duties imposed upon it by applicable law and denies all other allegations in Paragraph 66.

67. The allegations in Paragraph 67 consist of legal conclusions, and, therefore, Frontier has no obligation to respond. To the extent a response is necessary, Frontier admits only those duties imposed upon it by applicable law and denies all other allegations in Paragraph 67.

68. Frontier denies the allegations in Paragraph 68.

69. Frontier denies the allegations in Paragraph 69.

70. Frontier denies the allegations in Paragraph 70.

71. Frontier denies the allegations in Paragraph 71.

72. Frontier denies the allegations in Paragraph 72.

73. Frontier denies the allegations in Paragraph 73.

74. Frontier denies the allegations in Paragraph 74.

75. The allegations in Paragraph 75 consist of legal conclusions, and, therefore, Frontier has no obligation to respond. To the extent a response is necessary, Frontier denies that Plaintiffs are entitled to declaratory relief or that *res ipsa loquitur* applies in this case.

76. Frontier denies the allegations in Paragraph 76.

//

## GENERAL DENIAL

Any allegation directed to Frontier not expressly admitted or responded to is hereby denied.

## AFFIRMATIVE DEFENSES

Frontier asserts the following affirmative defenses to preserve them for trial. Frontier reserves the right to add or withdraw applicable defenses as appropriate.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state facts sufficient to state a claim for relief against Frontier.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs may lack capacity and/or standing to bring this action.

## THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiffs were injured, Frontier was not the actual cause of those injuries.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, were proximately caused by the acts or omissions of other persons and entities over whom Frontier had no control or right of control, and said acts or omissions were the sole proximate cause of Plaintiffs' damages, if any.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, were caused by the acts or omission of other persons or entities which Frontier is not liable or responsible. In the event Frontier is found liable to Plaintiffs, which Frontier expressly denies, Frontier may be entitled to indemnification contribution or apportionment of liability and fault pursuant to applicable law.

## SIXTH AFFIRMATIVE DEFENSE

Claims and recovery by Plaintiffs may be barred, in whole or in part, under the applicable laws governing comparative fault, contributory negligence, and/or assumption of the risk due to the acts or omissions of the Plaintiffs.

//

**SEVENTH AFFIRMATIVE DEFENSE**

The damages, if any, of Plaintiffs may have been directly and proximately caused by an unavoidable accident or act of God for which Frontier is not liable.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint should be dismissed on the ground that Plaintiffs have failed to join necessary and indispensable parties.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' damages, if any, may be barred and/or limited under applicable law.

**TENTH AFFIRMATIVE DEFENSE**

Frontier complied with all applicable codes, standards, and regulations of the United States and agencies thereof.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' damages, if any, may be barred and/or limited under applicable law due to Plaintiffs' failure to mitigate damages.

**TWELFTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiffs' claims may be barred in whole or in part because Plaintiffs may have already received full satisfaction and/or compensation for the injuries and damages, if any and their claims may be barred by Plaintiffs' prior release of claims and/or accord and satisfaction with any entity.

**THIRTEENTH AFFIRMATIVE DEFENSE**

An award or judgment rendered in favor of Plaintiffs must be reduced by the amount of benefits Plaintiffs received, or are entitled to receive, from any source as a result of the alleged incident.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims may be barred in whole or in part and/or preempted by federal law.

9

### FIFTEENTH AFFIRMATIVE DEFENSE

Frontier reserves its rights to assert any and all additional defenses as may be revealed by further investigation and discovery and to supplement and amend its affirmative defenses as necessary in light of any fact's allegations, claims, or changes or modifications in the law.

### PRAYER FOR RELIEF

Frontier prays for the following relief from this court:

1. A judgment that Plaintiffs take nothing from Frontier by way of their Second Amended Complaint;

2. An award to Frontier of costs of suit and recoverable attorneys' fees; and

3. Such other and further relief as this court deems proper.

### DEMAND FOR JURY TRIAL

Frontier hereby demands a trial by jury.

Dated: February 10, 2025                    FITZPATRICK, HUNT & PAGANO, LLP

/s/ *Brian T. Maye*
BRIAN T. MAYE, ESQ.
Admitted *Pro Hac Vice*
Fitzpatrick, Hunt & Pagano, LLP
10 South LaSalle Street, Suite 3400
Chicago, Illinois 60603
Phone (312) 728-4000
Email: brian.maye@fitzhunt.com

-and-

CHARLES A. MICHALEK, ESQ.
Nevada Bar No. 5721
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
Phone (702) 383-3400
Email: cmichalek@rmcmlaw.com

*Attorneys for Defendant* FRONTIER AIRLINES, INC.

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on February 10, 2025, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk by using the CM/ECF system, which will send notification of such filing to all CM/ECF participants of record in this matter.

/s/ *Brian T. Maye*