UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Eddie Frierson, et al.,<br><br>Plaintiff(s),<br><br>vs.<br><br>Frontier Airlines, Inc.,<br><br>Defendant(s). | 2:24-cv-02181-RFB-MDC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR AN ORDER TO SHOW CAUSE (ECF NO. 34)** |

Defendant Frontier Airlines, Inc. ("Frontier") filed a *Motion for Order to Show Cause* ("Motion") (ECF No. 34). The Court **GRANTS** the Motion in part and **DENIES** it in part.

I.   BACKGROUND

This Court ordered plaintiffs to fully respond to Frontier's first set of written discovery by August 15, 2025. *See ECF No. 33*. The defendant argues in its Motion that plaintiffs failed to comply with the Order. *ECF No. 34*. Defendant argues that the Court should issue an order to show cause why both monetary and case terminating sanctions should not be issued against the plaintiffs. *Id*. Plaintiffs admit in their response[1] that they did not comply with the Court's Order. *ECF Nos. 36 and 38*. Plaintiffs argue that the case has been mishandled by an attorney that left the firm, and that upon learning of the deficiencies, experienced counsel from the same firm took immediate action to remedy the issues. *Id*. Frontier argues in its reply that plaintiffs have now provided responses to its written

---

[1] Plaintiffs filed their response brief twice. *ECF Nos. 36 and 38*. The Court also notes that the response brief does not comply with the local rules of this district. *Id*. For example, "[d]ocuments filed electronically must be filed in a searchable . . . PDF" file, not merely scanned. L.R. IA 10-1(b); see also L.R. IC 2-2(a)(1). Additionally, "[e]xhibits and attachments must not be filed as part of the base document in the electronic filing system. They must be attached as separate files." L.R. IC 2-2(a)(3)(A). And "[a]n index of exhibits must be provided." L.R. IA 10-3(d). These and the other local rules exist to streamline court processes and preserve court resources. The Court directs plaintiffs' counsel to follow the local rules in this case and any other litigation in this district. Failure to do so may result in the striking of future submissions, or other sanctions.

1

discovery, but the responses are incomplete, unverified, contradictory, and broadly inadequate. *ECF No. 39 at 3*.

## II. LEGAL STANDARD

"The district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). The federal rules of civil procedure, "should be construed, administered, and employed by the court **and the parties** to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P 1 (emphasis added). Under its inherent power, a court may assess attorney's fees or other sanctions for the disobedience of a court order. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991). A court's inherent powers "are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 43. "[T]he court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure…unless such failure was substantially justified…" See Fed. R. Civ. P. 37(b)(2)(C).

Parties and attorneys are required to follow court orders. *Hinostroza v. Denny's Inc.*, No. 2:17-cv-02561-RFB-NJK, 2019 U.S. Dist. LEXIS 7508, at *4-5 (D. Nev. Jan. 16, 2019). Federal Rule of Civil Procedure 16(f) requires parties and attorneys to comply with pretrial orders and provides that a judge may order appropriate sanctions, including those outlined in Rule 37(b)(2)(A)(ii)-(vii) for noncompliance. *Id*. at 5. "Arguments raised only…only on reply, are generally deemed waived" and need not be considered. *Estate of Saunders v. Comm'r*, 745 F.3d 953, 962 n.8 (9th Cir. 2014).

## III. ANALYSIS

The plaintiffs' law firm has had numerous attorneys rotate in and out of the case, which has caused delays, and counsel admits that they have failed to comply with the Court's Order. Counsel's

failure to abide by the Court's Order compelled the defendants into being forced to file the instant Motion. While the Court is sympathetic to the new, current attorneys assigned to plaintiffs' case, defendant should not bear the expense of the issues at plaintiffs' law firm causing lawyers to leave and resulting in delays and violations of Court's Order. Defendant's counsel has further shown they have been more than reasonable and patient, working with the various plaintiffs' attorneys for several months.  The Court thus finds on balance that it would not be fair or equitable to deny defendant its reasonable fees.

The Court grants the Motion as to defendant's request for fees and costs in connection with enforcing the Court's Order. The Court denies, at this time, the defendant's request to dismiss plaintiffs' claims as a sanction, as the fault here is attributed to the actions of plaintiffs' law firm, and not the individual plaintiffs.  The Court finds that fees should be imposed against the Dimopoulos Law Firm and not against plaintiffs individually.  Plaintiffs, however, are warned that their claims may be dismissed as sanctions for violating any future order or continued delays, in responding to discovery or otherwise delaying the action. The Court finds that entering an Order to Show Cause is unnecessary in this case since the plaintiffs have admitted that they did not comply with the Courts' Order. The Court directs the defendants to file an Affidavit or Declaration setting forth the requested fees and costs, and addressing the factors set forth in *CLM Partners LLC v. Fiesta Palms, LLC,* No. 2:11-cv-01387-PMP-CWH, 2013 WL 6388760 (D. Nev. Dec. 5, 2013). The affidavit or declaration must be filed by **November 6, 2025**.  Plaintiffs may have until **November 13, 2025**, to file a response to defendants' fees declaration or affidavit.

Defendant also raises in its reply that the responses are deficient. The Court dismisses this objection without prejudice because (1) the defendant raised the issues for the first time in its reply, which deprives its adversary of the opportunity to respond and (2) defendant is directed to comply with the Court's 10/23/25 Standing Order (ECF No. 41 regarding discovery disputes.  *See supra,*

*Estate of Saunders*, 745 F.3d 962 n.8 and *ECF No. 32* (the parties' prior stipulation which complied with the Court's Standing Order).

ACCORDINGLY,

**IT IS ORDERED that:**

1. Defendant Frontier's *Motion for Order to Show Cause* (ECF No. 34) is **GRANTED AND DENIED IN PART** as discussed in this Order.

2. Defendant has until **November 6, 2025** to file its declaration or affidavit for attorneys' fees and costs, as directed in this order.

3. Plaintiffs may file a response to defendants' fees affidavit or declaration by **November 13, 2025**.

DATED: October 23, 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

4