UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Eddie Frierson, et al.,<br><br>Plaintiff(s),<br><br>vs.<br><br><br>Frontier Airlines, Inc.,<br><br>Defendant(s). | Case No.: 2:24-cv-02181-RFB-MDC<br><br>**ORDER AWARDING DEFENDANT REASONABLE ATTORNEYS' FEES and GRANTING MOTION TO SEAL** |

I.  INTRODUCTION

On October 23, 2025, the Court entered an *Order Granting In Part and Denying In Part Defendant's Motion For Order To Show Cause* (ECF No. 42)("10/23/25 Order"). The Court granted defendant's general request for reasonable attorneys' fees and costs related to plaintiffs' failure to comply with the Court's July 29, 2025 Order (ECF No. 33). The Court further directed defendant to file an Affidavit or Declaration detailing the fees and costs and addressing the factors set forth in *CLM Partners LLC v. Fiesta Palms, LLC*, No. 2:11-cv-01387-PMP-CWH, 2013 WL 6388760 (D. Nev. Dec. 5, 2013). *ECF No. 42. See also* 11/18/25 Minute Order at ECF No. 47. The Court has reviewed the parties' submissions (ECF Nos. 43, 44, 45, 46, 48 & 49) in response to the Court's 10/23/25 Order and 11/18/25 Minute Order. For the reasons below, the Court awards defendant **$7,469.00** in reasonable attorneys' fees.

The Court has also reviewed and GRANTS defendant's Motion to Seal (ECF No. 45) its itemization (ECF No. 46)("Itemization") of the fees requested.

II.  REASONABLENESS OF DEFENDANT'S REQUESTED FEES

The factors in considering the reasonableness of attorneys' fees are well settled:

1

> The Ninth Circuit affords trial courts broad discretion in determining the reasonableness of fees. Courts typically follow a two-step process. First, a court must calculate the lodestar amount by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate. Second, the court may adjust the lodestar upward or downward using a "multiplier" based on factors not subsumed in the initial calculation. Some of the relevant factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. In most cases, the lodestar figure is a presumptively reasonable fee award.

*CLM Partners LLC*, 2013 WL 6388760, at *1 (internal quotations and citations omitted). These factors are also expressed in the Court's Local Rule 54-14. Defendant prevailed regarding the discovery at issue and establishing that plaintiffs failed to comply with the Court's July 29, 2025 Order. These matters were not novel or difficult, but they were time consuming and impeded the orderly progress of this case. It was also necessary for defendant to resolve these matters within the time limitations imposed by the *Stipulated Discovery Plan and Scheduling Order* (ECF No. 24).[1]

*Time and labor Required*

Defendant requests $20,849.00 in attorneys' fees related to plaintiffs' failure to comply with the Court's July 29, 2025 Order (ECF No. 33). Defendant does not request any costs. According to

---

[1] Defendant's counsel does not state whether they were precluded from other employment due to acceptance of this case or address the undesirability of the case – nor are these queries manifest from the record. Such omissions are not material to determining the reasonableness of defendant's fees incurred in this narrow aspect of the case. Moreover, the Court finds the fees awarded here are reasonable considering all other factors, and applying the loadstar approach, which multiplies the reasonable hours expended by a reasonable hourly rate. *See Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000)("The lodestar amount is presumptively the reasonable fee amount….").

defendant, the time and labor required was 52.60 hours. *ECF No. 46.* Defendant has identified Brian T. Maye, Esq.; Kurt C. Schlueter, Esq.; Edward Tarolli, Esq.; and Michael Oliver, Esq. from the law firm of Rogers, Mastrangelo, Carvalho & Mitchell ("RMCM"), as its counsel as working on the matter and providing services related to plaintiffs' failure to comply with the Court's July 29, 2025 Order.

*Nature of Fees*

Counsel's fees are fixed at hourly rates, and Attorney Maye declares that RMCM's partner hourly rates exceed $475 and associates hourly rates exceed $300. *ECF No. 43 at ¶13.* The actual hourly rates for Attorney Maye is specifically stated in defendant's sealed Itemization (ECF No. 46) and is within the general range publicly stated in Attorney Maye's declaration. *ECF No. 46.* Reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community" (*Blum v. Stenson*, 465 U.S. 886, 895–96 n. 11 (1984)), which "consists of the forum in which the case is pending." *CLM Partners LLC*, 2013 WL 6388760, at *5 (*citing Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008)). The fee applicant has the burden of producing satisfactory evidence establishing the market rates, including declarations of counsel stating that the requested rates are in line with "those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id*. The opposing party "may introduce rebuttal evidence in support of a lower hourly rate." *Id.* (*citing Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir.2001)).

In his declaration, Attorney Maye states that his firm's rates are "higher than the prevailing market rates in the forum in which this case is pending" because RMCM is "one of the top aviation litigation firms in the United States." *ECF No. 43 at ¶13.* However, he does not offer any opinion or information about the actual prevailing rates in this forum. If the fee applicant does not meet its burden establishing the prevailing market rates, the Court may determine the rate based on its experience and knowledge of prevailing rates in the community. *CLM Partners LLC*, 2013 WL 6388760, at *5 (*citing*

*Bademyan v. Receivable Mgmt. Servs. Corp.*, 2009 WL 605789 at *5 (C.D.Cal.2009)). The Court finds that Attorney Maye's hourly rate is reasonable.

*Counsel's Skill, Experience, Reputation*

The Court considered Attorney Maye's requisite skill, ability, experience, and reputation. In his declaration, Attorney Maye states he has been practicing law for over 25 years and has extensive experience in aviation litigation. *See ECF No. 43.* Based on the Court's experience and considering similar attorney fees awarded in this District, the Court finds Attorney Maye's hourly rate is reasonable and commensurate with the prevailing rates. *See e.g., Humphries v. Button*, No. 2:21-cv-01412-ART-EJY, 2025 U.S. Dist. LEXIS 50920, at *5 (D. Nev. Mar. 20, 2025) (finding rates of $750 and $600 reasonable for the Las Vegas legal community for attorneys with 25 years of experience or "substantial expertise and involvement in this case"); *Lee v. Vons Co., Inc.*, No. 2:24-cv-00179-CDS-NJK, 2024 U.S. Dist. LEXIS 228363, at *5 (D. Nev. Dec. 17, 2024) (finding a rate of $500 per hour appropriate for attorneys with 18 to 30 years of experience in a personal injury case); *Sa. v. Mengle*, No. 2:20-cv-1568-KJD-VCF, 2025 U.S. Dist. LEXIS 3370, at *5 (D. Nev. Jan. 8, 2025) (finding a rate of $525 per hour reasonable). The foregoing also demonstrates that Attorney Maye possessed the requisite skill to perform the documented services at issue.

*Attorneys Schlueter, Tarolli, and Oliver*

The Court is unable to determine if the hourly fees or work performed by Attorneys Schlueter, Tarolli, or Oliver are reasonable because neither defendant nor those attorneys provided the Court with any declarations or information regarding their skill, ability, experience, and reputation. Accordingly, the Court does not award defendant any fees reported by those attorneys. *See ECF No. 46 (itemization of fees)*.

//

4

*Relationship With Client*

Regarding the nature and length of counsel's professional relationship with defendant, Attorney Maye further states he has represented defendant for over 18 years. *ECF No. 43.*

*Work Actually Performed / Reasonable Hours Expended*

The Court has broad discretion to in determining the reasonableness of hours claimed and to reduce the number of hours claimed. *CLM Partners LLC,* 2013 WL 6388760, at *6. Defendant submitted an itemization (ECF No. 46)("Itemization") of the work actually performed and reporting 52.60 hours actually expended. *Id.* However, numerous descriptive work entries are too incomplete and vague to give the Court sufficient information to determine relevance or reasonableness of such entry. *See e.g. ECF No. 46 (Entries for 08/13/25; 8/15/25; 8/16/25; 08/18/25; 8/19/25; 8/21/25; 09/04/25; and 09/11/25).* The Court, therefore, discounts such incomplete and vague descriptive work entries. The Court also finds several entries are not applicable and within the scope of Court's award. *See e.g. ECF No. 46 (Entries for 08/08/25; 08/13/25; 08/15/25; 09/04/25).*

Considering the foregoing the Court finds that defendant has established **$7,469.00** in reasonable attorneys' fees for the following time and date entries reported by Attorney Maye at ECF No. 46:

| Date | Fee |
|---|---|
| 08/18/25 | $194.00 |
| 08/19/25 | $339.50 |
| 08/21/25 | $3,007.00 |
| 08/22/25 | $97.00 |
| 09/10/25 | $436.50 |
| 09/11/25 | $679.00 |
| 09/11/25 | $2,231.00 |
| 10/17/25 | $291.00 |
| 10/29/25 | $194.00 |

*Id.*[2]

### III.  DEFENDANT'S MOTION TO SEAL (ECF No. 45)

Defendant moves to seal the Itemization of the attorneys' fees requested, which includes descriptions of the services provided. Defense counsel states that the description of the services contain confidential, sensitive, or privileged information, and confidential negotiated billing rates. *ECF No. 45*. Because the fees requested are in connection with a discovery, non-dispositive, matter, defendant's Itemization may be sealed upon showing "good cause." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). The Court finds defendant has shown good cause to seal the Itemization at ECF No. 46 and therefore, grant's the Motion to Seal at ECF No. 45.

### IV.  CONCLUSION & ORDER

For the foregoing reasons, the Court awards defendant **$7,469.00** in reasonable attorneys' fees. Accordingly,

**IT IS ORDERED that:** plaintiff's counsel shall pay defendant **$7,469.00** in reasonable attorneys' fees by no later than **February 27, 2026**.

**IT IS FURTHER ORDERED** that defendant's Motion to Seal (ECF No. 45) is **GRANTED**.

DATED: January 9, 2026

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

---

[2] A description of the work is not restated here because the Court granted defendant's motion to seal ECF No. 46.