CHARLES A. MICHALEK, ESQ.
Nevada Bar No. 5721
ROGERS, MASTRANGELO, CARVALHO & MITCHELL
700 South Third Street
Las Vegas, Nevada 89101
(702) 383-3400
cmichalek@rmcmlaw.com

-and-

BRIAN T. MAYE, ESQ.
(Appearing *Pro Hac Vice*)
FITZPATRICK, HUNT & PAGANO, LLP
10 South LaSalle Street, Suite 3400
Chicago, Illinois 60603
(312) 728-4000
brian.maye@fitzhunt.com

***Attorneys for Defendant Frontier Airlines, Inc.***

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| EDDIE FRIERSON, ET. AL,<br><br>Plaintiffs,<br><br>vs.<br><br>FRONTIER AIRLINES, INC,<br><br>Defendant. | Case No.: 2:24-cv-02181<br><br>**STIPULATED PROTECTIVE ORDER** |

**STIPULATED PROTECTIVE ORDER**

Defendant Frontier Airlines, Inc. ("Defendant" or "Frontier") and Plaintiffs, by and through their respective counsel, agree as follows:

1. The Parties enter into this Stipulation and Protective Order under Federal Rule of Civil Procedure 26(c) to establish procedures for the handling of certain documents produced by the Parties.

2. A Party producing or propounding written discovery responses or documents the Party determines contain trade secrets or other Confidential Information ("Confidential Information") shall mark such documents with the word "CONFIDENTIAL" or "SUBJECT TO A PROTECTIVE ORDER." Such confidential materials include, but are not limited to, HIPAA protected materials, employee discussions regarding the workplace and third-party individuals, third-party private and confidential materials, and personal or private materials relating to one or more of the Parties. The Party designating such documents shall be referred to as the Designating Party and any Party in receipt of such document shall be referred to as the Receiving Party. A Party shall not be deemed to have waived any right to designate materials as Confidential by allowing inspection of such material prior to a designation of such material as Confidential or by inadvertently failing to mark a document as Confidential prior to disclosure of the Documents so marked may be used only for purposes of this litigation.

3. If a Protected Document is used or marked as an exhibit in a deposition, or if a deposition testimony discloses or discusses Confidential Information, counsel for the deponent or the Party with whom the deponent is affiliated, or counsel for any Party to this Action, shall inform the deposing counsel of the confidentiality of any such respective testimony or exhibit and shall designate the respective portion of the testimony or exhibit as Confidential. Each respective portion of the testimony or portion thereof so designated as Confidential shall be treated as a Protected Document, and all such respective portion of the testimony or portion thereof so designated shall be treated as Confidential Information, except as otherwise agreed or ordered. Any such portion of such deposition that does encompass Confidential Information shall be taken only in the presence of persons who are qualified to have access to such information. For

purposes of this Order, a deponent is "affiliated" with a Party if he or she is a past or present officer, director, shareholder, agent, employee, consultant or representative of such Party.

4. It is the intent of the Parties that information will not be designated as Confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a Confidential, non-public manner, and there is good cause why it should not be part of the public record of this case. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

5. Each Party or Non-Party that designates information or items for protection under this Order must take care or limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of materials, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations or prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens to other Parties) are improper.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

//

//

//

## I. MANNER AND TIMING OF DESIGNATION

1. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

2. Protected documents, and the information and contents thereof, and Confidential Information may be disclosed only to the following persons (hereinafter referred to as "Qualified Persons"):

a. The Parties and their respective employees and agents;

b. Counsel of record for the Parties and direct employees/agents/consultants/jury or trial consultants or such counsel who are materially assisting in the preparation or trial of this Action;

c. Experts and consultants retained by a Party whose assistance is deemed necessary by counsel;

d. Any person from whom testimony is taken or is to be taken in this Action, provided that such person signs Exhibit 1 of the Confidentiality Agreement;

e. The Court and the Court's employees and staff;

f. Court reporters and videographers;

g. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions;

h. Witnesses, and attorneys for such witnesses, in this Action to whom disclosure is reasonably necessary provided: (1) the deposing Party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any Confidential

Information unless they sign the "Acknowledgement and Agreement to Be Bound," unless otherwise agreed by the Designating Party or ordered by the Court.

i. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

j. Any person mutually agreed upon by the Parties.

## II. NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN LITIGATION

1. The terms of this Order are applicable to information produced by a Non-Party or about a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

2. The Parties recognized that the Ninth Circuit Court of Appeals has held that there is a presumption of public access to judicial files and records, and that Parties seeking to maintain the confidentiality of documents attached to non-dispositive motions must show good cause exists to overcome the presumption of public access. The Parties further acknowledge that they have agreed to the terms of this protective order to facilitate the exchange of discovery materials in this case, but that there has been no showing, and the Court has not found, that any specific document are secret or Confidential or that a protective order is required to protect any specific trade secret or other Confidential information pursuant to Rule 26(c) or that disclosure would cause an identifiable and significant harm. Accordingly, any Party seeking to file with the Court a Protected Document or a document containing Confidential Information shall first move the Court to file the document under seal pursuant to LR IA 10-5 and the Ninth Circuit Court of

Appeals' directives in *Kamakana v. City and Cnty. Of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006). Any motion to seal shall address the applicable legal standard and explain why that standard has been met.

3. The Parties further agree that any legend or stamp utilized for document numbering or to identify or designate documents as being Confidential, shall be placed, to the extent physically possible, on such documents so as not to obliterate, cover, or interfere with the reading of the substance of the documents and information contained within such documents.

4. In the event a Party challenges another Party's Confidential designation, counsel shall make a good faith effort to resolve the dispute, in writing with case law, and articulation. The absence of a resolution by the Court. The marking Party bears burden to prove confidentiality. Nothing in this Order shall constitute a waiver of any Party's right to object to the designation of a particular document as Confidential. If the document at issue was produced by a third Party, the Party objecting to the designation of "Confidential" shall provide that third party with notice of its objection, with copies of any pleadings filed regarding the designation of that third Party's documents and with notice of any hearing that may be conducted related to the designation of that third Party's document(s).

5. Nothing in this Stipulated Protective Order prevents any Party from challenging any assertion of privilege by any Party, and nothing in this Stipulated Protective Order constitutes a waiver of any assertion of privilege by any Party or precludes any Party from moving for consideration of information *ex-parte* and in camera.

//

//

//

Dated this 18th day of September 2026

DIMOPOULOS LAW FIRM

/s/ *Scott W. Ulm*
Jared G. Christiensen, Esq.
Nevada Bar No. 11538
Scott W. Ulm, Esq.
Nevada Bar No. 12652
4000 S. 7th Street, Suite 400
Las Vegas, NV 89101
(702) 800-6000
jach@stevedimopoulos.com
su@stevedimolpoulos.com

Counsel for Plaintiffs

FITZPATRICK, HUNT & PAGANO, LLP

/s/ *Brian T. Maye*
Brian T. Maye
Admitted Pro Hac Vice
10 S. LaSalle Street, Suite 3400
Chicago, IL 60603
(312) 728-4000
brian.maye@fitzhunt.com

Charles A. Michalek, Esq.
Nevada Bar No. 5721
Rogers, Mastrangelo, Carvalho & Mitchell
700 South Third Street
Las Vegas, NV 89101
(702) 383-3400
cmichalek@rmcmlaw.com

Counsel for Frontier Airlines, Inc.

**ORDER**

IT IS SO ORDERED.

RICHARD F. BOULWARE, II
United States District Judge

Dated: September 21, 2026

**EXHIBIT I**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, ______________________ [print or type full name], ____________________ [print or type full address], declare under penalty of perjury that I have read such Stipulated Protective Order that was issued by the United States District Court of Nevada on ________________ in the case *Frierson, et al. v. Frontier*. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court of Nevada for the purpose of enforcing the terms of the Stipulated Protective Order.

Printed name: ________________________

Signature: ___________________________